I respectfully dissent from the majority opinion. I agree with Judge Hoffman that it is necessary to analyze the issue under a plain error standard, as appellee's pre-trial objection did not preserve the error for appellant, who did not object at trial. However, I would find that the error did not rise to the level of plain error, and affirm.
I agree that the court erred in failing to follow the procedure this court set forth in State v. Mascarella (July 6, 1995), Tuscarawas Appellate No. 94AP100075, unreported. However, appellant has not demonstrated that the information provided to the jury by counsel for appellant was incorrect. Further, the record does not reflect that the information related the jury by Mr. Thomakos, all of which related to which claims had been allowed by the Bureau of Workers' Compensation, was inadmissible. I would find that appellant has not demonstrated that she was prejudiced by any of the information relayed to the jury by the procedure used in the instant case. Similarly, I do not find that the isolated comment by the court, concerning not confusing the facts, was so prejudicial as to rise to the level of plain error. While the procedure used by the court in the instant case is fraught with potential problems, I do not find it challenges the legitimacy of the underlying judicial process. Goldfuss, supra, at syllabus.
I would overrule all assignments of error and affirm the judgment of the Tuscarawas County Common Pleas Court.
 ____________________ W. SCOTT GWIN, JUDGE